IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:03-CR-399-D |
| VS. | § | |
| | § | |
| CARLTON D. KEEBLE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM

This matter is before the court on the request of Stacy L. Brainin, Esquire ("Brainin"), attorney for defendant Carlton D. Keeble ("Keeble"), for compensation in excess of the statutory maximum imposed by the Criminal Justice Act of 1964. In CJA Voucher No. 080307000045, after a voluntary reduction of over one-third of the total requested fee, and after adjustments made by the Clerk of Court, Brainin requests compensation in the amount of $43,669.12, consisting of $40,000 in attorney's fees and $3,669.12 in expenses. As required by 18 U.S.C. § 3006A(d)(3), the court certifies that Brainin provided representation in an extended case, and it issues this memorandum containing its recommendations and a detailed statement of reasons for certifying that the amount of excess payment is necessary to provide fair compensation.

By the terms of 18 U.S.C. § 3006A(d)(3), in a felony case, compensation above the maximum of $7,000 prescribed in 18 U.S.C. § 3006A(d)(2) is allowable if the court certifies that it is necessary to provide fair compensation "for extended or complex representation." The Chief Judge of the circuit, or an active circuit judge to whom such authority has been delegated, must also approve the payment. There are two preconditions to excess compensation. First, the claim must be for representation that is *either* extended or complex. Second, the payment of excess

compensation must be necessary to provide fair compensation.

## I. Was the Representation Extended/Complex?

Representation means reasonably competent and productive effort by the attorney on behalf of his client and excludes bumbling and wasteful activity. Extended representation is protracted representation—a substantial investment of time. Complex representation refers to the intricacies of the case and its corresponding call on counsel's intellectual resources. *United States v. Bailey*, 581 F.2d 984, 987 (D.C. Cir. 1978). As earlier stated, the representation may either be extended or complex; it need not be both. The court finds that the representation in this case was extended.

Keeble was charged on November 18, 2003 in a four-count indictment with two counts apiece of threatening to use a weapon of mass destruction and mailing a threatening communication, in violation of 18 U.S.C. § 2332a(a)(2) and 18 U.S.C. § 876(c). Brainin was appointed on December 17, 2003 to represent Keeble. From February 2004 until October 2006, she rendered extensive legal services connected with determining whether Keeble was mentally competent to stand trial. In October 2006, after it was ultimately determined that Keeble was competent, he and the government entered into a plea agreement that provided that he would plead guilty and, in lieu of sentencing, would be committed to the custody of the Attorney General to be hospitalized because he was suffering from a mental disease or defect. Brainin rendered extensive services throughout this period, which involved, *inter alia*, securing and presenting expert psychiatric testimony and evaluating Keeble's mental competency. After it was determined that Keeble was no longer in need of hospitalization, Brainin represented him in connection with sentencing, which concluded with a sentencing hearing on January 18, 2008.

Brainin represented Keeble from December 17, 2003 until January 18, 2008, a period of in

excess of four years. The extended nature of this representation was due primarily to the need to investigate and address Keeble's mental status in order to determine whether he was competent to stand trial and, if convicted (here, by plea), whether he should be hospitalized or incarcerated.

## II. Is Excess Compensation Necessary to Fair Compensation?

In its original form, § 3006A confined excess compensation to cases involving "extraordinary circumstances." This requirement was deleted when Congress changed the section to liberalize compensation awards and thereby alleviate the burden on the bar of representing indigents accused of crime. *Id.* at 988. The purpose of the change was to guarantee indigents something more than the mere formal appointment of someone who just happens to be a lawyer. The goal was to assure legal assistance that is reasonably diligent, conscientious, and competent. According to Congressional intent demonstrated in the amendment to § 3006A, this purpose could be accomplished only by providing some financial "encouragement" to the practicing bar to participate broadly and enthusiastically in the defense of indigent criminal defendants. *Id.* at 989 n.38. The attorney's efforts here were consonant with that intent.

While the court recognizes that § 3006A anticipates some sacrifice on the part of the bar in exchange for the privilege of practicing before this court in this district, *see United States v. Farley*, 565 F. Supp. 71, 72 (E.D. Wis. 1983), the sacrifice is fulfilled in this case by the less-than-prevailing hourly rates set by § 3006A(d)(2). Section 3006A(d)(2) appears to be premised on the assumption that in almost all cases members of the bar will be called upon to sacrifice equally. Here, the sacrifice is far from equal to that normally made by appointed counsel. Moreover, it bears emphasis that, after consulting with the magistrate judge, Brainin voluntarily reduced her initial fee request by more than one-third.

\* \* \*

Accordingly, pursuant to 18 U.S.C. § 3006A(d)(3), the court certifies that Brainin's representation was in an "extended" case and that compensation beyond the maximum of $7,000 is necessary to fairly compensate Brainin for the services that she rendered in this action. The court approves her request for fees in excess of the statutory maximum and enters this memorandum of reasons supporting the certification of $43,669.12, consisting of $40,000 in attorney's fees and $3,669.12 in expenses.

April 16, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE